UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT MONTGOMERY THOMAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 20-11438-FDS |
| CHARLES DUANE BAKER, JR., et al., | ) ) | |
| Defendants. | ) ) ) | |

# ORDER

**SAYLOR, C.J.**

*Pro se* litigant Robert Montgomery Thomas has filed a civil complaint in which he challenges the legality of executive orders issued by Massachusetts Governor Charles Baker in response to the COVID-19 pandemic  Thomas has also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the motion for leave to proceed *in forma pauperis* will be denied without prejudice, and the complaint will be dismissed for lack of jurisdiction unless Thomas files an amended complaint within 21 days.

## I.      Motion for Leave to Proceed *in Forma Pauperis*

A litigant may proceed without prepayment of the filing fee if the person submits an affidavit of his assets and income showing that "the person is unable to pay . . . [the filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1).  One does not have to be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Rather, the litigant must show he cannot pay the filing fee "and still be able to provide [her]self and dependents with the necessities of life." *Id.*

Here, Thomas has failed to show that paying the $400 fee for filing this action would require him to sacrifice the necessities of life. It appears that his income, which is derived solely from Social Security benefits, is limited and does not cover his monthly expenses for rent, utilities, transportation, food, and medical needs. However, he has a sizable amount of money in a checking or savings account. While the balance of that account is apparently reduced by $1150 per month to pay expenses in excess of his income, for the near future he has adequate assets to pay the filing fee. The motion for leave to proceed *in forma pauperis* will therefore be denied without prejudice.

## II.     Lack of Standing

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies," U.S. Const. art. III, § 2, and a federal court's "'obligation to inquire *sua sponte* into [its] jurisdiction over the matter' exists in every case," *Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 604 F.3d 7, 16 (1st Cir. 2010) (quoting *Doyle v. Huntress, Inc.*, 419 F.3d 3, 6 (1st Cir. 2005)). For a case or controversy to exist, the plaintiff must have standing—that is, he must have a "'personal stake in the outcome' of the claim asserted. *Pagan v. Calderon*, 448 F.3d 16, 27 (1st Cir. 2006) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009). In contrast, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan v. Wildlife*,

504 U.S. 555, 560-61 (1992)); *see also Schlesigner v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974) (stating that a "generalized interest of all citizens in constitutional governance" does not suffice to confer standing).

Here, the complaint does not allege any facts from which it can be reasonably inferred that Thomas has suffered "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling."  He complains that the executive orders Governor Baker issued in response to the COVID-19 pandemic violate the rights of "the People" under the First, Fourth, Eighth, Ninth, and Tenth amendments to the United States Constitution.  But he does not suggest that he personally has been injured by the executive orders in question.  Instead, he refers to injuries suffered by others who have been adversely affected by the executive orders:  the loss of income by workers who were not deemed essential; the increase of domestic and child abuse; the "horrible childhood memories" and "deni[al] of needed peer companionship" experienced by children whose schools were abruptly closed; and, the "deni[al] [of] physician and hospital access" to "the vulnerable seniors and others in need of regular or special medical attention and procedures."  Compl. at 7.

The complaint refers to the needs and rights of the "the People" at least twenty times, but does not once suggest that Thomas himself has suffered a concrete, particularized injury because of the defendants' alleged misconduct.  In fact, the complaint explicitly states that he "has no ties to any business, religious institution or dogma, political organization, or any other entity or affiliation that may or may not seem to be addressed in his Complaint." *Id.* at 8.  In the absence

of any allegations that the defendants inflicted an injury on him personally, Thomas does not have standing to bring this action and the court lacks jurisdiction to adjudicate his claims.

On August 5, 2020, Thomas filed a motion to amend his complaint. (ECF 4). He states therein that he inadvertently left out of the original complaint a count for violating "the Peoples'" rights under the Fourteenth Amendment. While Thomas may amend the complaint once as a matter of right at this juncture of the litigation, *see* Fed. R. Civ. P. 15(a)(1), the amendment would be futile because the proposed additional count refers only to injuries of "the People" rather than injury to himself. The motion to amend will therefore be denied.

### III.  Conclusion

For the foregoing reasons:

1.  The motion for leave to proceed *in forma pauperis* is DENIED. If Thomas wishes to proceed with this action, he must, within 21 days of this order (that is, by August 31, 2020), pay the $400 filing fee or show good cause why he is unable to do so. Failure to comply with this order may result in dismissal of this action without prejudice.

2.  This matter will be dismissed for lack of jurisdiction unless Thomas files an amended complaint within 21 days (that is, by August 31, 2020) that asserts a proper basis for federal jurisdiction. Any such amended complaint will completely replace the original complaint.

3.  The motion to amend is DENIED.

**So Ordered.**

Dated:  August 10, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Judge