UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT MONTGOMERY THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES DUANE BAKER, JR., et al.,<br><br>    Defendants. | Civil Action No.<br>20-11438-FDS |

## ORDER OF DISMISSAL

**SAYLOR, C.J.**

*Pro se* litigant Robert Montgomery Thomas has filed an amended complaint in which he challenges the legality of executive orders issued by Massachusetts Governor Charles Baker in response to the COVID-19 pandemic. For the reasons stated below, the amended complaint will be dismissed for lack of standing.

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies," U.S. Const. art. III, § 2, and a federal court's "'obligation to inquire *sua sponte* into [its] jurisdiction over the matter' exists in every case," *Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 604 F.3d 7, 16 (1st Cir. 2010) (quoting *Doyle v. Huntress, Inc.*, 419 F.3d 3, 6 (1st Cir. 2005)). For a case or controversy to exist, the plaintiff must have standing— that is, he must have a "'personal stake in the outcome' of the claim asserted. *Pagan v. Calderon*, 448 F.3d 16, 27 (1st Cir. 2006) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). "To establish standing, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a

favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009).  In contrast, "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (quoting *Lujan v. Wildlife*, 504 U.S. 555, 560-61 (1992)); *see also Schlesiger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974) (stating that a "generalized interest of all citizens in constitutional governance" does not suffice to confer standing).

Here, the amended complaint does not allege any facts from which it can be reasonably inferred that Thomas has suffered "an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling."  He complains that the executive orders Governor Baker issued in response to the COVID-19 pandemic violate his rights under the First, Fourth, Eighth, Ninth, and Tenth amendments to the United States Constitution.  In his original complaint, he did not allege that he personally has been injured by the executive orders in question.  Instead, he referred to injuries suffered by others who have been adversely affected by the executive orders:  the loss of income by workers who were not deemed essential; the increase of domestic and child abuse; the "horrible childhood memories" and "deni[al] of needed peer companionship" experienced by children whose schools were abruptly closed; and, the "deni[al] [of] physician and hospital access" to "the vulnerable seniors and others in need of regular or special medical attention and procedures." Compl. at 7.

In the amended complaint, Thomas claims that the Governor's orders caused him to receive delayed medical treatment and forced him "into involuntary self-imprisonment and

harmful solitary isolation." (Am. Compl. at 4).  He also complains, among other things, that he is forced to wear a mask, that he has not been provided a mask by the government, that he has to observe quarantine and social-distancing requirements, and that he cannot freely interact with his neighbor children.  (*Id*. at 4-5).  He has therefore attempted to claim an injury personal to him, as opposed to a generalized injury applicable to all residents of the Commonwealth.  But despite his efforts to allege a concrete, particularized injury, the fact remains that he asserts no claim that is not applicable, in form or substance, to the entire population of the state.  Even his claim concerning his medical care amounts to little more than inconvenience in scheduling appointments, which is not a sufficiently particularized injury and in any event is not redressable by the Court.

Accordingly, Thomas does not have standing to bring this action and the court lacks jurisdiction to adjudicate his claims.  The amended complaint will therefore be dismissed.
**So Ordered.**

Dated:  November 23, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Judge