# United States Court of Appeals
## For the First Circuit

No. 21-1038

ROBERT MONTGOMERY THOMAS,

Plaintiff - Appellant,

v.

CHARLES DUANE BAKER, JR., in his official capacity as the elected Governor of Massachusetts; MAURA TRACY HEALEY, in her official capacity as the elected Massachusetts Attorney General; MONICA BHAREL, MD, Department of Public Health, in her official capacity as an appointed agency director, who is not accountable to the voters,

Defendants - Appellees.

Before

Kayatta, Howard and Gelpí,
Circuit Judges.

**JUDGMENT**

Entered: August 1, 2022

      Plaintiff-appellant Robert Montgomery Thomas filed suit in the United States District Court for the District of Massachusetts, alleging violations of his constitutional rights arising from state executive orders issued during the COVID-19 pandemic. Montgomery Thomas's allegations include assertions that the governor of Massachusetts and other state government officials have acted ultra vires, and have infringed upon his rights under the First, Fourth, Eighth and Fourteenth Amendments.

      The district court concluded that Montgomery Thomas's original complaint, and his initial motion to amend his complaint, were fatally flawed because his standing to bring suit was unsupported. The district court ordered Montgomery Thomas to correct the problem with a new complaint. Montgomery Thomas filed a new complaint. The district court concluded that the lack of standing had not been remedied and dismissed the suit. This appeal followed. Defendants have moved for summary affirmance, which Montgomery Thomas opposes. We review de novo. See Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012).

Montgomery Thomas does not allege that he was targeted by government agents for enforcement of state executive orders during the pandemic, and he does not allege that he was punished or penalized by government agents for non-compliance with state executive orders. Rather, he asserts that the disruptions and worries (or, as he occasionally puts it, "panic") induced by the state executive orders led to problems in his life, including delayed medical care, personal isolation, lack of religious services, and discomfort with mask-wearing.

The requirement that a plaintiff have standing to bring suit was summarized recently as follows:

> The Constitution gives federal courts the power to adjudicate only genuine "Cases" and "Controversies." Art. III, § 2. That power includes the requirement that litigants have standing. A plaintiff has standing only if he can "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." [Citations.]

California v. Texas, 141 S. Ct. 2104, 2113 (2021).

As a great many courts have noted, the COVID-19 pandemic has been taking a terrible toll in the United States over an extended period of time. See Legaretta v. Macias, No. 21-CV-179 MV/GBW, 2022 WL 1443014, at *1 (D.N.M. May 6, 2022)("As of April 15, 2022, over 79 million people have been infected with COVID-19 in the United States, with over 1,000,000 related deaths . . .."). The various interruptions, delays and constraints that plaintiff reports encountering took place within the context of this very serious pandemic of an airborne-contagious disease. Montgomery-Thomas has provided no plausible basis for regarding his claimed injuries as distinct from the burdens generally felt by the public at large under the circumstances; no plausible basis for treating any alleged incremental excesses in the defendants' emergency-response actions as the traceable cause of his claimed injuries, separable from the disruptions inhering to pandemic conditions; and no plausible basis for expecting that judicial interference with the defendants' emergency response is likely to abate these claimed injuries.

The judgment of the district court was correct. The defendants' motion for summary affirmance is well taken. See 1st Cir. Loc. R. 27.0(c). The judgment is summarily **affirmed**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Robert Montgomery Thomas, Maura Tracy Healey, Kimberly A. Parr